IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.                      CASE NO. 1:06-CR-10001-002

VICTOR LINDSEY                                                        DEFENDANT

**ORDER**

Before the Court is Defendant Victor Lindsey's pro se motion for a reduced sentence filed pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 68). The government opposes the motion. (ECF No. 69). The Court find that the motion is ripe for consideration. For the following reasons, the motion will be denied.

On August 2, 2006, Lindsey pled guilty to the distribution of more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Lindsey was sentenced to 120 months imprisonment, which was the statutory mandatory minimum sentence in 2006 based on the quantity of cocaine base. On August 3, 2010, the Fair Sentencing Act ("FSA") was enacted, increasing the amount of cocaine base necessary to impose a mandatory minimum sentence. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010).[1] In 2012, the Supreme Court held that the FSA applies in an initial sentencing proceeding that takes place on or after the statute's effective date of August 3, 2010, if the offense occurred before that date. *Dorsey v. U.S.*, 132 S. Ct. 2321, 2326, 183 L. Ed.

---

[1] The FSA increased the drug amounts triggering mandatory minimum sentences for crack trafficking offenses from 5 grams to 28 grams for the 5-year minimum and from 50 grams to 280 grams for the 10-year minimum. *Dorsey v. U.S.*, 132 S. Ct. 2321, 2329, 183 L. Ed. 2d 250 (2012).

2d 250 (2012). In 2013, the Eighth Circuit Court of Appeals held that "the [FSA] does not apply retroactively to defendants who were sentenced before August 3, 2010, and who seek a reduction in their sentences under section 3582(c)(2)." *U.S. v. Reeves*, 717 F.3d 647, 650-51 (8th Cir. 2013) ("The statutory provisions applicable when the defendant was originally sentenced—not the statutory provisions in the [FSA]—apply in section 3582(c) proceedings.); *U.S. v. Bowman*, 507 F. App'x 623, 624 (8th Cir. 2013) (Defendant is "not entitled to a reduction . . . as the sentence he received in 2006 was the statutory mandatory minimum.").

Here, the Court sentenced Lindsey in 2006 to 120 months imprisonment. The statutory mandatory minimum associated with Lindsey's cocaine base offense in 2006 (120 months) applies to his current section 3582(c)(2) proceedings. Moreover, the FSA does not apply to Lindsey because he was sentenced prior to August 3, 2010. For these reasons, Lindsey's motion to reduce his sentence (ECF No. 68) is **DENIED**.

IT IS SO ORDERED, this day 22nd day of January, 2014.

/s/ Harry F. Barnes
Harry F. Barnes
Senior United States District Judge